**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JADA LYLE, Individually and as Next** | § | |
| **Friend of L.T., a Minor Child,** | § | |
| | § | |
| **v.** | § | **A-14-CA-300 LY** |
| | § | |
| **24 HOUR FITNESS, USA, Inc., and** | § | |
| **RICARDO RIVERA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. No. 3); Plaintiff's

Response (Dkt. No. 5); and Defendants' Reply (Dkt. No. 7).  Also before the Court are: Plaintiff's

Motion to Remand and Memorandum in Support (Dkt. No. 4); and Defendants' Response (Dkt. No.

6).  The undersigned submits this Report and Recommendation to the District Judge pursuant to 28

U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the

Local Rules of the United States District Court for the Western District of Texas, Local Rules for

the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Plaintiff Jada Lyle, individually and as next friend to the minor child L.T. brings suit against

24 Hour Fitness, USA, Inc., and manager Ricardo Rivera, for injuries sustained by L.T. at a 24 Hour

Fitness facility.  Plaintiffs' Original Petition (Dkt. No.1-6) at 1.  24 Hour Fitness offers a supervised

play facility called the Kid's Club for the children of its members to use while the parents are

exercising.  *Id.* at 2-3.  On June 28, 2013, Lyle left her daughter, L.T., at the Kid's Club while she

exercised.  *Id.*  While there, L.T. was injured when she fell from some playground equipment.

On March 11, 2014, Lyle filed suit in County Court at Law No. 2 in Travis County, Texas, asserting claims of negligence, and negligent supervision, hiring, and training against 24 Hour Fitness and Rivera. *Id.* at 5. Defendants removed the case to federal court on April 4, 2014, on the basis of diversity. Defendants now move to dismiss all claims against both Defendants pursuant to Rule 12(b)(6), asserting that Lyle has failed to state a claim upon which relief may be granted. Lyle moves to remand, contending that Defendants cannot establish improper joinder of Rivera and that there is not complete diversity between the parties. Because the Motion to Remand challenges this Court's jurisdiction over this case, and consequently its authority to decide the Motion to Dismiss, the Court will first consider the Motion to Remand. *See Audio Visual Mart, Inc. v. Telesensory Corp.*, 96–2243, 1996 WL 495151, at * 1 (E.D. La. Aug. 29, 1996).

## II. ANALYSIS

### A. Motion to Remand

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). Because "removal jurisdiction raises significant federalism concerns," the removal statute must be strictly construed. *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108–09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

2

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, and complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331 & 1332. Here, Defendants allege only diversity of citizenship as the basis of the Court's jurisdiction. A federal court may exercise diversity jurisdiction after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b)(2); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). In this case, it is undisputed that 24 Hour Fitness manager Ricardo Rivera is a Texas citizen. Dkt. No. 1-6 at ¶ 4. Thus, the focus of the remand question is on Defendants' assertion that removal was nonetheless proper because Rivera was improperly joined in this suit.

## B.       Improper Joinder and Remand

The Fifth Circuit recognizes two grounds on which a court may find that a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Defendants argue that the second of these tests is applicable and that Lyle cannot establish a cause of action against Rivera in state court. To establish this, 24 Hour Fitness must demonstrate that "there is no possibility of recovery" by Lyle against Rivera, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In making this decision, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law

against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there

is no improper joinder."  *Smallwood*, 385 F.3d at 573.  The Fifth Circuit has stated that:

> the standard for judging fraudulent joinder claims of this sort is clearly established
> in this circuit: After all disputed questions of fact and all ambiguities in the
> controlling state law are resolved in favor of the nonremoving party, the court
> determines whether that party has any possibility of recovery against the party whose
> joinder is questioned.

*Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  But "[a] 'mere theoretical

possibility of recovery under local law' will not preclude a finding of improper joinder."  *Smallwood*,

385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

The parties cite to a host of decisions from Texas and federal courts to support their positions.

Defendants rely on the Texas Supreme Court case *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex.

1996), for the proposition that a corporate agent can only be held liable in tort when that agent has an

independent duty to the injured party, apart from the employer's duty to that party.  Defendants further

note that the Texas Supreme Court has explicitly extended the holding in *Leitch* to premises liability

cases.  *See Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).  Defendants note that numerous federal

district court cases hold that managers or other corporate employees cannot be held personally liable

in a premises liability case under Texas law, because the employee does not owe a duty to the plaintiff

apart from the duty of their employers.  Response (Dkt. No. 6) at 2 n.2 (listing cases).  Defendants

assert that under Texas law a manager such as Rivera may only be held liable for conduct that occurs

within the course and scope of his employment when he is personally involved in the allegedly tortious

conduct or personally creates the hazardous condition at issue.

Plaintiffs respond that 24 Hour Fitness cannot show there is "no possibility" of recovery from

Rivera because Texas law does in fact impose an independent duty on managers such as Rivera.

Motion to Remand (Dkt. No. 4) at 11-13 (discussing *Valdes v. Wal–Mart Stores, Inc.*, 1998 WL

648571, 158 F.3d 584 (5th Cir. 1998) and *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883, 893 (Tex. Civ. App.–Beaumont 1952, writ ref'd n.r.e.)).  At a minimum, Lyle disagrees with the Defendants' reading of *Tri*, and contends that *Tri* left open the question of whether a store manager has an independent duty in a premises liability case.  Given that there remains an open question, Lyle contends Defendants cannot show there is no possibility she can state a claim against Rivera.  Lyle notes further that Texas law provides that an individual who creates a dangerous situation has a duty to rectify that situation to prevent injury to others, *Torrington Co. v. Stutzman*, 46 S.w.3d 829, 837 (Tex. 2000), and that "[a] corporation's employee is personally liable for tortious acts which he directs or participated in during his employment, *Leyendecker & Assoc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984).  Lyle asserts that she pled Rivera created a dangerous situation at the 24 Hour Fitness by alleging that he was the gym manager at the time of the injury, and by pleading that he had "actively and negligently" failed to provide a safe play area in a number of ways.  Motion to Remand (Dkt. No. 4) at 8-9.

Defendants correctly note that numerous federal district courts have applied *Leitch* and *Tri* to find improper joinder when a store manager is joined with a corporate defendant in a premises liability case.  *Solis v. Wal–Mart Stores E., L.P.*, 617 F.Supp.2d 476, 480 (S.D. Tex. 2008) (store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *Bourne v. Wal–Mart Stores, Inc.*, 582 F.Supp.2d 828, 837 (E.D. Tex. 2008) (same); *McKinney v. Home Depot, USA, Inc.*, 2006 WL 2947324 (N.D. Tex. Oct.13, 2006) (same); *Allen v. Home Depot U.S.A.*, 2004 WL 2270001 (W.D. Tex. 2004) (same).  Plaintiffs correctly counter that numerous other federal courts have remanded cases where both a corporation and its manager or agent were sued.  *See Patterson v. Walgreen Co.*, 2013 WL 1824885 (W.D. Tex. 2013);  *Alexander v. Lincare, Inc.*, 2007 WL 4178592 (N.D. Tex. 2007); *Gonzalez v. Wal-Mart Stores, Texas*, LLC, 2013 WL 1827924 (S.D. Tex. 2013); *Guevera v. Wal-Mart Stores, Inc.*, 2007 WL 397490 (S.D. Tex. 2007); *Sackett v. Williams*, Civ. A. No.

A-13-CA-755-SS (W.D. Tex. Nov. 18, 2013); *Guzman v. Cordero*, 481 F.Supp. 787 (W.D. Tex. 2007).

On the surface it might appear from these cases that there is indeed a split among the federal district courts regarding whether Texas law creates an independent duty for store managers in premises liability cases. In fact, however, there is a single principle, articulated by many of these cases, which distinguishes those cited by Lyle from those relied on by 24 Hour Fitness. In all of the cases in which remand was granted, the courts pointed to the fact that the pleadings alleged the store manager or agent played a personal role in creating the dangerous condition at issue, whereas in those in which remand was denied none of the managers were alleged to have had any personal role in creating the danger. *See Land v. Wal-Mart Stores of Texas, LLC*, 2014 WL 585408 at \*2 (W.D. Tex. 2014). This is borne out by reviewing the cases Lyle relies on. *Patterson* 2013 WL 1824885 (pharmacist may have an individual duty to customer when filling prescriptions); *Alexander,* 2007 WL 4178592 (nurses and therapists owe an individual duty of care); *Gonzalez*, 2013 WL 1827924 (employees had personal roles in inspecting vehicle that later was involved in rollover accident); *Sackett* (pleadings alleged store manager was the acting manager on the premises at the time of the injury and that he personally exercised control over the display that led to plaintiff's injuries); *Guzman*, 481 F.Supp. at 790 (individual employee "directly and personally involved in conduct that caused Plaintiff's injuries.[1]

Lyle contends she alleged in her pleadings that Rivera played a personal role in L.T.'s injury and therefore had an individual and separate duty to L.T. Lyle overstates the scope of her pleadings, however, as she in fact did *not* plead Rivera was either personally involved in, or directed, any activity

---

[1]The outlier in this group is *Guevera*, 2007 WL 397490. The opinion there does not address the many cases noted in the text in which remand was denied, relies primarily on an unpublished Fifth Circuit case from 1998 (*Valdes v. Wal-Mart Stores, Inc.*, 1998 WL 648571), and fails to discuss the impact of *Tri* on Texas law.

leading to L.T.'s injuries. The Original Petition is far from a model of clarity when it comes to what precisely is alleged regarding Rivera, and only one sentence mentions him.  That sentence states "Defendant RICARDO RIVERA was at all times material to this action the General Manager, and maintained management, control, and/or supervision of the premises that included the childcare facility in question." Dkt. No. 1-6 at 3.  No other facts regarding how Rivera was involved in, or might have been responsible for, the accident are pled.  Indeed, the Petition fails to mention whether Rivera was even present at the gym at the time of the accident.  Further, throughout almost the entirety of the Petition, when Lyle is referring to the party or parties she is suing, she uses the word "Defendant" in the singular, without identifying which of the two named defendants she is referring to.  Even in her prayer Lyle asks for judgment against "the Defendant," singular. *Id.* at 6.  Although the petition is silent on whether Rivera was on duty at the time of the accident, the evidence before the Court demonstrates he was not.[2]  Additionally, Rivera has submitted an affidavit stating that the equipment at the Kid's Club and all training and policies regarding the Kid's Club are determined at the corporate level.  Dkt. No. 6-1.  Further, Plaintiffs' Original Petition states:

> At all times material hereto, the individuals charged with operating and monitoring, supervising, and protecting children of members entrusted to them at the child-care facility were serving as agents, servants, representatives, and/or employees of 24 Hour Fitness, USA, Inc., and were acting within the course and scope of employment and/or official duties.

Dkt. No. 1-6 at ¶ 10.  Because the evidence and pleadings fail to show any personal involvement by Rivera in creating the conditions which led to L.T.'s injury, *"there is no reasonable basis for the district court to predict that [Lyle] might be able to recover against [Rivera]." Smallwood*, 385 F.3d at 573.  Rivera's joinder as a defendant was therefore improper and remand should be denied.

---

[2]Defendants have submitted an e-mail authored by Lyle stating that Rivera was not on duty at the time of her daughter's accident.  Exhibit 2 to Response to Motion to Remand.

**C.      Separate Motion to Dismiss**

As stated above, Defendants have also filed separate Rule 12(b)(6) motions to dismiss all claims against Rivera and to dismiss Plaintiffs' claims of negligent hiring, supervision, training , and retention against 24 Hour Fitness.  Because the Court has found that Rivera is improperly joined, all claims against him are properly dismissed on that basis.  *See Akerbloom v. Ezra Holdings, Ltd.*, 509 F.App'x 340, 347 (5th Cir.2013) (noting that district court should dismiss improperly joined defendants).

24 Hour Fitness also moves to dismiss Lyle's claims of negligent hiring, supervision, training, and retention.  In assessing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007).  The task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

24 Hour Fitness asserts that Lyle has failed to adequately plead the elements of a negligence claim.  The relevant pleading allege:

> 12.      At all times material to this cause of action, Defendant was charged with providing care for the minor child and had a duty to hire, supervise, train and/or retain competent employees.  Plaintiff alleges that Defendant breached that duty and that breach of duty proximately caused the minor Plaintiff's injury.

Plaintiff's Original Petition at ¶ 12.  The Court's task when ruling on a 12(b)(6) motion to dismiss "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  Plaintiffs have adequately pled a negligence claim against 24 Hour Fitness.  Accordingly, Defendants Motion to Dismiss the negligence claims against 24 Hour Fitness should be denied.

## III.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Plaintiffs' Motion to Remand (Clerk's Dkt. No. 4), and **DISMISS** all claims against Ricardo Rivera on the basis of improper joinder.  The Court **FURTHER RECOMMENDS** that Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. No. 3) be **DENIED**.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of October, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE