IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JADA LYLE, Individually and as Next Friend of L.T., a Minor Child, | § § § | |
| v. | § § § | A-14-CA-300 LY |
| 24 HOUR FITNESS, USA, Inc. | § | |

**ORDER**

Before the Court are Plaintiff's Motion to Compel Defendant to Remove its Objections and Fully Respond to Plaintiff's Interrogatory No. 3 and Request for Production No. 34 (Dkt No. 23); Defendant's Response in Opposition (Dkt. No. 27); and Plaintiff's Reply to Response to Motion (Dkt. No. 29). The District Court referred the above motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas,. The Court held a hearing on the motion on June 17, 2015.

**I.  GENERAL BACKGROUND**

This is a suit by Jada Lyle, individually, and as next friend for her child L.T., against 24 Hour Fitness, USA, Inc. for injuries sustained by L.T. at a 24 Hour Fitness Facility. As a benefit to members, in many of its facilities 24 Hour Fitness has a "Kid's Club," which provides care for children while their parents are exercising. On June 28, 2013, Lyle left her daughter, L.T., at the Kid's Club while she exercised. *Id.* While there, L.T. suffered a broken elbow when she fell from a playscape. On March 11, 2014, Lyle filed suit in Travis County Court at Law No. 2, asserting claims of negligence, premises liability, and negligent hiring, supervision, training, and retention, as well as a claim of gross negligence, against 24 Hour Fitness and its manager. Defendants

removed the case to federal court on April 4, 2014, on the basis of diversity.  On November 4, 2014, the Court denied Lyle's motion to remand, and dismissed the claims against the manager.

On January 26, 2015, Lyle served written discovery on 24 Hour Fitness.  The present motion revolves around two of those requests—one interrogatory and one request for production.  The requests at issue are:

> **INTERROGATORY NO. 3**: Identify all other reports or complaints in the past seven (7) years, including but not limited to, injury producing claims or alleged injury producing claims, whether or not a lawsuit was filed, arising out of the care, safety, entrustment, monitoring, supervision, and/or control of minor children in the child care facility(ies) operated by Defendant, including, but not limited to incidents of injuries arising from playscapes. This request does not seek the disclosure of protected private information of individuals and Plaintiff asks that any protected private information of individuals be redacted from disclosure.
>
> **REQUEST FOR PRODUCTION NO. 34**: Copies of all accident/incident reports of any and all incidents similar to those complained of in this case for past seven years (i.e. incidents of minor children injured while on or near the Kids Club playscape or similar indoor playscape equipment *at any 24 Hour Fitness Center*).

Dkt. No. 23. at 1-2.  24 Hour Fitness objects to both the time duration of the requests, and their nationwide scope.  After objecting on this basis, 24 Hour Fitness produced responses for the period of January 1, 2012 to the date of the accident for playscape-related injuries that occurred at the Kid's Club location where L.T.'s accident occurred.  Dkt. No. 27 at 3.[1]

After discussions aimed at resolving the objections, Lyle offered to narrow the request to "other similar incidents [within] 5 years prior to the June 28, 2013 incident," involving "claims in which lack of supervision of children in the Defendant's Kid's Club (nationwide) resulted in injury to the child." *Id.*  This was not agreeable to 24 Hour Fitness, however, which continued to object that the geographical reach and time period of the requests were overly broad.  Thus, Lyle filed a motion

---

[1]The only accident during that time was the one involved in this case.

to compel on May 4, 2015, requesting that 24 Hour Fitness be ordered to fully respond to Interrogatory No. 3 and Request for Production No. 34.  Dkt. No. 23.

## II.  ANALYSIS

Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).  Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The scope of discovery is not without limits, however, and must be proportional to the size of the case and the likelihood of the discovery producing relevant information.  Thus, Rule 26 provides that a court may limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).

To avoid discovery, a party resisting it must "articulate specifically how [a] discovery request is not relevant or is overly broad, burdensome, or oppressive." *Export Worldwide, Ltd. Vv. Knight,* 241 F.R.D. 259, 263 (W.D. Tex. 2006).  24 Hour Fitness has met this burden here by producing the declaration of Kyle Irving, who works in the risk management department of 24 Hour Fitness.  Dkt. No. 27-2.  His declaration sets out in detail the time and cost that would be involved in responding to the Lyle's requests.  Lyle has submitted nothing to controvert the declaration, and at the hearing only argued that the Court should not be concerned about the cost to 24 Hour Fitness to produce responses because it is a big company.  As the Court repeatedly pointed out at the hearing, "the parties' resources" is only one of the factors Rule 26(b)(2)(C)(iii) instructs the Court to consider when deciding if a discovery request is proportionate to the case as a whole.  The other factors are

"the needs of the case, the amount in controversy . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." When the Court asked Lyle whether she had any information from publically available sources, such as other lawsuits, to suggest that the requests were likely to produce relevant data, she was unable to point to any.

Further, the relevance of the requested information is marginal. In both her motion and at the hearing, Lyle argued that the information requested was needed to assess whether 24 Hour Fitness "breached its duty to inquire into the competence and qualifications of their prospective employees, and to use ordinary care when overseeing its employees." Dkt. No. 29 at 7. In particular, Lyle argued that her gross negligence claim requires proof that 24 Hour Fitness "placed all children in an extreme degree of risk," which she contends supports a broad search of 24 Hour Fitness's injury records. *Id.* But as 24 Hour Fitness notes, Lyle's suit is primarily focused on the actions of the employees who were overseeing L.T.'s play at the Kid's Club on the date in question, and whether accidents occurred at other locations would have no relevance to those causes of action. The best case Lyle was able to make that the documents might be relevant was based on her gross negligence claim. But as noted, Lyle has not produced any evidence to suggest that the burdensome search she is asking 24 Hour Fitness to conduct is likely to produce evidence that 24 Hour Fitness routinely has accidents in its Kid's Clubs attributable to unsupervised play, poorly trained employees, or the like. Instead, she simply contends that the discovery "might" produce such evidence. That is not enough to counter-balance the expense of compelling 24 Hour Fitness to respond to the requests as written.

Thus, having considered the request, and having conducted the balancing required by Rule 26(b)(2)(C)(iii), the Court will deny in most part Lyle's motion to compel. It will, however, direct 24 Hour Fitness to produce from three of its locations all records of any injuries that took place in

the Kid's Club at those locations for the three years preceding the date of the injury here (June 28, 2013). The locations that 24 Hour Fitness should produce the records from are:

    Katy Bella Terra Super Sport
    5270 West Grand Parkway South
    Richmond, TX 77406

    Tysons Corner Super Sport
    1500 Cornerside Blvd.
    Vienna, VA 22182

    Southglenn Super Sport
    6839 South Vine Street
    Centennial, CO 80122

The Court obtained these locations from 24 Hour Fitness's website. In the event that any of the locations have not been operating long enough to have created data for the entire period set forth above, then the parties are ordered to confer and agree to a substitute location. Finally, if Lyle believes that the data she receives from these locations support a broader search, she is directed to confer with 24 Hour Fitness to attempt to reach agreement on that issue, and, failing that, she may petition the Court for broader discovery on this issue at that time.

### III.  CONCLUSION

**ACCORDINGLY,** the Plaintiff's Motion to Compel Defendant to Remove its Objections and Fully Respond to Plaintiff's Interrogatory No. 3 and Request for Production No. 34 (Dkt No. 23) is **DENIED** except as set forth above.

SIGNED this 24th day of June, 2015.

                                    ANDREW W. AUSTIN
                                    UNITED STATES MAGISTRATE JUDGE